1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE M. SMITH,<br><br>                    Plaintiff,<br><br>          v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                    Defendant. | Case No. CV 15-9799 JC<br><br>MEMORANDUM OPINION AND<br>ORDER OF REMAND |

## I.    SUMMARY

On December 21, 2015, Bruce M. Smith ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's applications for benefits.  The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The Court has taken both motions under submission without oral argument.  See Fed. R. Civ. P. 78; L.R. 7-15; December 22, 2015 Case Management Order ¶ 5.

///
///

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II.   BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On July 15, 2011, plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits alleging disability on July 15, 2011, due to arthritis in both knees, diabetes (type II), high blood pressure, obesity, and kidney stones. (Administrative Record ("AR") 20, 128, 136, 162). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on January 7, 2014. (AR 36-64).

On March 14, 2014, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 20-26). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: morbid obesity, type II diabetes, and hip and knee pain (AR 22); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 23); (3) plaintiff retained the residual functional capacity to perform medium work (20 C.F.R. §§ 404.1567(c), 416.967(c)), and specifically could lift/carry 25 pounds frequently and 50 pounds occasionally, but was further limited to occasional climbing, kneeling, and crawling (AR 23); (4) plaintiff was able to perform his past relevant work as a warehouse worker and a delivery driver (AR 25); and (5) plaintiff's allegations regarding the intensity, persistence, and limiting effects of subjective symptoms were not entirely credible (AR 24).

The Appeals Council denied plaintiff's application for review. (AR 1).

## III.   APPLICABLE LEGAL STANDARDS

### A.   Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted).  The impairment must render the claimant incapable of performing the work the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.  Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is required to use the following five-step sequential evaluation process:

(1)  Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

(2)  Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work?  If not, the claimant is not disabled.  If so, proceed to step three.

(3)  Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1?  If so, the claimant is disabled.  If not, proceed to step four.

(4)  Does the claimant possess the residual functional capacity to perform claimant's past relevant work?  If so, the claimant is not disabled.  If not, proceed to step five.

(5)  Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy?  If so, the claimant is not disabled.  If not, the claimant is disabled.

///

1  Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th
2  Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

3      The claimant has the burden of proof at steps one through four, and the
4  Commissioner has the burden of proof at step five.  Burch v. Barnhart, 400 F.3d
5  676, 679 (9th Cir. 2005) (citation omitted).

6      **B.    Standard of Review**

7      Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of
8  benefits only if it is not supported by substantial evidence or if it is based on legal
9  error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir.
10 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457
11 (9th Cir. 1995)).

12     Substantial evidence is "such relevant evidence as a reasonable mind might
13 accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389,
14 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but
15 less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan,
16 911 F.2d 180, 183 (9th Cir. 1990)).  To determine whether substantial evidence
17 supports a finding, a court must "'consider the record as a whole, weighing both
18 evidence that supports and evidence that detracts from the [Commissioner's]
19 conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001)
20 (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  An ALJ's decision
21 to deny benefits must be upheld if the evidence could reasonably support either
22 affirming or reversing the decision.  Robbins, 466 F.3d at 882 (citing Flaten, 44
23 F.3d at 1457).  In addition, federal courts may review only the reasoning in the
24 administrative decision itself, and may affirm a denial of benefits only for the
25 reasons upon which the ALJ actually relied.  Garrison v. Colvin, 759 F.3d 995,
26 1010 (9th Cir. 2014) (citation omitted).

27     Even when an ALJ's decision contains error, it must be affirmed if the error
28 was harmless.  Treichler v. Commissioner of Social Security Administration, 775

1  F.3d 1090, 1099 (9th Cir. 2014).  An ALJ's error is harmless if (1) it was

2  inconsequential to the ultimate nondisability determination; or (2) despite the

3  error, the ALJ's path may reasonably be discerned, even if the ALJ's decision was

4  drafted with less than ideal clarity.  Id. (citation and quotation marks omitted).  A

5  reviewing court may not conclude that an error was harmless based on

6  independent findings gleaned from the administrative record.  Brown-Hunter v.

7  Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (citations omitted).  Where a reviewing

8  court cannot confidently conclude that an error was harmless, a remand for

9  additional investigation or explanation is generally appropriate.  See Marsh v.

10  Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) (citations omitted).

11  **IV.   DISCUSSION**

12        Plaintiff contends that the ALJ improperly rejected the opinions of Dr.

13  Kristof Siciarz, an examining physician – i.e., that plaintiff essentially could only

14  perform a limited range of light work ("Dr. Siciarz's Opinions").  (Plaintiff's

15  Motion at 5-8; AR 200-05).  Assuming (but not deciding) that the ALJ properly

16  rejected Dr. Siciarz's Opinions, as defendant contends (Defendant's Motion at 2-

17  3), the Court finds a limited remand is still warranted since the ALJ's residual

18  functional capacity assessment is not supported by substantial evidence, and the

19  Court cannot find that the ALJ's error was harmless.

20        Here, the ALJ rejected Dr. Siciarz's Opinions as "unsupported" and also

21  found "the assessment of State agency medical consultant S. DeLosSantos . . . not

22  fully credible . . . ."[1]  (See AR 25).  Since the ALJ rejected what appear to be the

23  only specific medical opinions regarding plaintiff's functional abilities, and the

24  ALJ also found that the record contained "scant medical evidence" (AR 25), it

25  appears that the ALJ's assessment of plaintiff's residual functional capacity was

26

27               [1]The parties agree that the ALJ mistakenly treated as medical opinions statements by

28  S. DeLosSantos, who appears to be a Social Security analyst (i.e., a non-medical source).
(Plaintiff's Motion at 8; Defendant's Motion at 5) (citing AR 25).

1   based solely on the ALJ's own, lay interpretation of plaintiff's testimony and the

2   raw data from individual treatment records.  (AR 25) ("Giving some weight to

3   [plaintiff's] subjective complaints, in combination with objectively supported

4   diagnoses, the undersigned finds support for a residual functional capacity for

5   medium work with occasional climbing, kneeling and crawling.").  As a lay

6   person, however, "an ALJ is 'simply not qualified to interpret raw medical data in

7   functional terms.'"[2]  Padilla v. Astrue, 541 F. Supp. 2d 1102, 1106 (C.D. Cal.

8   2008) (quoting Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam),

9   and citing Day v. Weinberger, 522 F.2d 1154, 1156 (9th Cir. 1975)); see also

10  Manso-Pizarro v. Secretary of Health and Human Services, 76 F.3d 15, 17 (1st

11  Cir. 1996) ("With a few exceptions . . . an ALJ, as a layperson, is not qualified to

12  interpret raw data in a medical record."); Ferguson v. Schweiker, 765 F.2d 31, 37

13  (3d Cir. 1985) (ALJ may not substitute his interpretation of laboratory reports for

14  that of a physician); Banks v. Barnhart, 434 F. Supp. 2d 800, 805 (C.D. Cal. 2006)

15  ("[ALJ] must not succumb to the temptation to play doctor and make . . .

16  independent medical findings.") (citations and quotation marks omitted).

17  Consequently, the ALJ's residual functional capacity assessment is not supported

18  by substantial evidence.  See Penny, 2 F.3d at 958 ("Without a personal medical

19  evaluation it is almost impossible to assess the residual functional capacity of any

20  individual."); Tagger v. Astrue, 536 F. Supp. 2d 1170, 1181 (C.D. Cal. 2008)

21  ("ALJ's determination or finding must be supported by medical evidence,

22  particularly the opinion of a treating or an examining physician.") (citations and

23

24          [2]To the extent the ALJ found the medical evidence of record inadequate to allow for
25  proper evaluation of plaintiff's residual functional capacity, the ALJ could have taken
    appropriate steps to develop the record further.  See generally Mayes v. Massanari, 276 F.3d 453,
26  459-60 (9th Cir. 2001) (citation omitted) (Although plaintiff bears the burden of proving
    disability, the ALJ has an affirmative duty to assist the claimant in developing the record "when
27  there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of
    the evidence.").
28

1  internal quotation marks omitted); <u>Lopez-Navarro v. Barnhart</u>, 207 F. Supp. 2d
2  870, 882 (E.D. Wis. 2002) ("[ALJ] may not properly find that a claimant has a
3  certain capacity to perform work-related activities without the support of a
4  physician's medical assessment.") (quotation marks and citations omitted);
5  <u>Winters v. Barnhart</u>, 2003 WL 22384784, *6 (N.D. Cal. Oct. 15, 2003) ("The ALJ
6  is not allowed to use his own medical judgment in lieu of that of a medical
7  expert.") (citations omitted); <u>Gonzalez Perez v. Secretary of Health and Human
8  Services</u>, 812 F.2d 747, 749 (1st Cir. 1987) (ALJ may not "substitute his own
9  layman's opinion for the findings and opinion of a physician") (citation omitted).
10      The Court cannot confidently conclude that the ALJ's error was harmless.
11 At the hearing, the ALJ observed, in pertinent part, that if plaintiff was unable to
12 perform work at the medium exertional level (*e.g.*, was limited to a range of
13 "light" work, as Dr. Siciarz opined), a finding of "disabled" would necessarily be
14 directed by the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404,
15 Subpart P, Appendix 2 (commonly known as "the Grids").  (AR 63).  Thus, it is
16 unclear if the failure to rely on a physician's medical assessment of plaintiff's
17 functional abilities was inconsequential to the ALJ's ultimate nondisability
18 determination.
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1  **V.    CONCLUSION**[3]

2      For the foregoing reasons, the decision of the Commissioner of Social

3  Security is reversed in part, and this matter is remanded for further administrative

4  action consistent with this Opinion.[4]

5      LET JUDGMENT BE ENTERED ACCORDINGLY.

6  DATED:   July 27, 2016

7                                          /s/
                                    _____
8                                   Honorable Jacqueline Chooljian
                                    UNITED STATES MAGISTRATE JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22  _____

23      [3]The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's
    decision, except insofar as to determine that a reversal and remand for immediate payment of
24  benefits would not be appropriate.

25      [4]When a court reverses an administrative determination, "the proper course, except in rare
    circumstances, is to remand to the agency for additional investigation or explanation."
26  Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and
    quotations omitted).  Remand is proper where, as here, "additional proceedings can remedy
27  defects in the original administrative proceeding. . . ."  Garrison, 759 F.3d at 1019 (citation and
    internal quotation marks omitted).
28